# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DANIEL R. MEYER,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | No. C07-4020-MWB<br>(No. CR05-4024-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A. *The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . 2
    B. *The Petitioner's Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . . . . . 3

*II. EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A. *Failure to Object to Presentence Investigation Report* . . . . . . . . . . . . 5
        1.    First allegedly invalid conviction . . . . . . . . . . . . . . . . . . . . . 5
        2.    Second allegedly invalid conviction . . . . . . . . . . . . . . . . . . . 7
    B. *Failure to Disclose Conflict of Interest* . . . . . . . . . . . . . . . . . . . . . . . 9

*IV. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION AND BACKGROUND
### A. *The Petitioner's § 2255 Motion*[1]

On March 29, 2007, petitioner Daniel Meyer filed a Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody. Docket no. 1. He subsequently filed amended motions under § 2255 on both November 6, 2007 (docket no. 15) and May 7, 2008 (docket no. 22)—naturally, the court will discuss only Meyer's most recent Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody (docket no. 22) in this order. In his motion, Meyer first claims that his counsel was ineffective for failing to object to the Presentence Investigation Report ("PSIR") as it allegedly contained two invalid convictions. Second, Meyer argues that his counsel was ineffective for having not disclosed a conflict of interest that arose from his simultaneous representation of Meyer and Vickie Ludwig, a government informant who allegedly provided information that led to Meyer's arrest. Meyer also filed his Brief of Petitioner (docket no. 22-2) and a letter to Meyer, from his attorney, dated June 21, 2004 (docket no. 22-3).

On November 21, 2008, respondent United States of America filed its Court Ordered Response to Petitioner's Second Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 24). In response to Meyer's claim that his counsel failed to object to invalid convictions, the respondent relies on its Court Ordered Response to [Petitioner's] Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed on November 26, 2007 (docket no. 18). In the response, the respondent claims that Meyer's counsel did object to the counting of the first

---

[1] Meyer's § 2255 motion is case number C07-4020-MWB, and the docket entries cited under this section are associated with this civil case number.

allegedly invalid conviction and, therefore, was not ineffective. Further, the respondent claims that the conviction was validly scored. Concerning the other allegedly invalid conviction, respondent argues that it was also properly scored. In response to Meyer's claim that his counsel was ineffective due to a conflict of interest, the respondent claims that Meyer has shown neither that an actual conflict of interest existed nor that such a conflict adversely affected his lawyer's performance. *See* docket no. 24 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Cheek v. United States*, 858 F.2d 1330 (8th Cir. 1988)).

On March 27, 2009, Meyer filed *pro se* correspondence with this court (docket no. 25). In his correspondence, Meyer refutes some of the claims respondent made in its response. The court will address any relevant refutations below.

## B. *The Petitioner's Charges, Plea, and Sentence*[2]

On February 25, 2005, an indictment was returned against Meyer, charging him with conspiring to distribute 50 grams or more of actual methamphetamine and to manufacture and attempt to manufacture 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), and with manufacturing and attempting to manufacture 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B) (Count 2). *See* docket no. 1. Meyer entered a plea of guilty to both counts on August 25, 2005. *See* docket no. 20. On April 12, 2006, Meyer was sentenced to 151 months imprisonment on each of Counts 1 and 2, to run concurrently. *See* docket no. 33. Meyer did not appeal his sentence.

---

[2] Meyer's criminal case number is CR05-4024-MWB, and docket entries cited under this section are associated with this criminal case number.

## II. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that the prisoner is entitled to no relief and will, therefore, not hold a hearing in this case. *See id.*

## III. LEGAL ANALYSIS

Meyer's grounds for relief are all for ineffective assistance of counsel—alleged violations of the Sixth Amendment to the United States Constitution, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. The general standards related to claims of ineffective assistance of counsel in § 2255 motions are well settled:

> "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense."

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]"). The court will evaluate whether Meyer is able to show that his counsel's performance was deficient and prejudicial for each of Meyer's claims, which are: (1) that his counsel was ineffective for failing to object to the PSIR's inclusion of invalid convictions; and (2) that his counsel was ineffective for failing to disclose a conflict of interest.

### A. Failure to Object to Presentence Investigation Report

Meyer claims that his criminal history category was assessed incorrectly due to two invalid convictions.

#### 1. First allegedly invalid conviction

First, Meyer alleges that he was incorrectly assessed an additional three criminal history points for a possession of methamphetamine conviction, even though he successfully withdrew his plea. Specifically, Meyer admits that he entered a "no contest" plea to possession of methamphetamine in Barton County District Court on September 13, 2001, but he claims that the court sustained his *pro se* motion to withdraw the plea on September 12, 2003.

The respondent claims that, although Meyer withdrew his plea of guilty on September 12, 2003, he later pled guilty to the offense pursuant to a plea agreement on September 18, 2003. The respondent provides the court with Exhibit 1 (docket no. 18-2), which is a Kansas Sentencing Guidelines Journal Entry of Judgment from Barton County,

5

file stamped November 18, 2003. According to the respondent, Exhibit 1 is the judgment for the conviction in question.

Meyer claims, in his supplemental correspondence, that this conviction should not be scored because it was "invalidated." Docket no. 25.

Meyer's claim relates to ¶ 49 of the PSIR, which states that Meyer received three criminal history points for a 68 month prison sentence, pursuant to U.S.S.G. § 4A1.1(a)[3]. However, respondent's judgment, Exhibit 1 (docket no. 18-2), states that the sentence was only 24 months. Apparently, Meyer's subsequent plea agreement required him to only plead to the Possession of Drug Paraphernalia charge and not the Possession of Methamphetamine charge, and provided for a shorter sentence. Nevertheless, Meyer still would have been scored three points under the subsequent plea agreement, because U.S.S.G. § 4A1.1(a) only requires the sentence to exceed "one year and one month." U.S.S.G. § 4A1.1(a) (2006). Meyer does not challenge the authenticity of the judgment in respondent's Exhibit 1, and the judgment reflects a countable prior sentence, which "means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instance offense." U.S.S.G. § 4A1.2(a)(1) (2006). Therefore, assuming Meyer's counsel's performance was deficient for failing to properly argue that the shorter sentence should have been counted, Meyer was not prejudiced by the deficient performance because it would not have changed his criminal history score. Because Meyer has not shown that his counsel's performance prejudiced his defense, *see Ledezma-Rodriguez*, 423 F.3d at 836 (Petitioner must show "not only that counsel's performance was deficient but also that such deficient performance

---

[3] U.S.S.G. § 4A1.1(a) states that the court should "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a) (2006).

prejudiced his defense."), the court will not grant his § 2255 motion on the ground that the conviction in ¶ 49 of his PSIR was improperly scored.

### 2. *Second allegedly invalid conviction*

Second, Meyer alleges that his Worthless Check conviction from October 15, 2001, should not have been scored because he was not represented by counsel for the conviction. Meyer claims that, because he was denied counsel for the conviction and sentence for the Worthless Check, the sentence violated his Sixth Amendment right to counsel. Therefore, Meyer argues that he should not have received the one criminal history point for the Worthless Check sentence.

The respondent claims that the one point scored for the Worthless Check conviction was valid. According to the respondent, Meyer waived his right to an attorney and, thus, his sentence was not improper. The respondent provided the judgment, Exhibit 2 (docket no. 18-3), in support of his claim that Meyer waived his Sixth Amendment right to counsel.

In Meyer's supplemental correspondence, he claims that Exhibit 2 is a "check form" and "can be unreliable to depend upon." Docket no. 25. Meyer claims to have the actual transcript that "clearly shows the district court failed to personally advise me of my 6th amendment right to counsel." *Id.*

Meyer's claim relates to the one criminal history point he was scored in ¶ 48 of the PSIR. Paragraph 48 shows that one point was scored for a Worthless Check charge, pursuant to 4A1.1(c)[4], as Meyer was sentenced to 30 days imprisonment for the charge.

---

[4] U.S.S.G. § 4A1.1(c) states that the court should "[a]dd 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item. U.S.S.G. § 4A1.1(c) (2006). As stated above, subsection (a) requires a sentence of a year and a day.
(continued…)

The parties dispute whether Meyer was informed of his Sixth Amendment right to counsel for the charge. The respondent has provided the judgment in the case from Barton County, Kansas, entitled Journal Entry-Misdemeanor Case, which reflects that the defendant waived his right to counsel. However, because Meyer disputes whether the judgment is accurate, the court will not rely on it in this case.

Instead of relying on the judgment, the court notes that ¶ 50 of the PSIR states:

> The subtotal of the criminal history points is 16. However, 7 of the scored criminal convictions were assessed pursuant to U.S.S.G. § 4A1.1(c) and this guideline directs that only a maximum of 4 points may be counted; therefore, the adjusted subtotal criminal history score is 13.

Docket no. 34 at ¶ 15. Because three points scored under § 4A1.1(c) were not counted, Meyer's counsel's failure to object to one point scored under § 4A1.1(c), even if considered deficient performance by counsel, was not prejudicial to Meyer. In other words, had his counsel successfully challenged the one point scored for the Worthless Check sentence, he still would have had 4 points counted pursuant to § 4A1.1(c). Because Meyer has not shown that he was prejudiced by the point scored for the Worthless Check conviction, the court will not grant his motion on the ground that his conviction in ¶ 48 of his PSIR was improperly scored. *See Ledezma-Rodriguez*, 423 F.3d at 836 (Petitioner must show "not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.").

---

[4](…continued)
*See* U.S.S.G. § 4A1.1(a) (2006). Subsection (b) assigns points to sentences that are at least sixty days in duration and were not scored in subsection (a). U.S.S.G. § 4A1.1(b) (2006).

## B. Failure to Disclose Conflict of Interest

Meyer alleges that his counsel was ineffective for failing to disclose a clear conflict of interest, or recuse himself due to the conflict of interest. Specifically, Meyer claims that his counsel represented Vickie Ludwig, a government informant, when she was being investigated for manufacturing and selling illegal drugs. According to Meyer, Ludwig assisted the government in investigating several suspects, including Meyer, and the assistance ultimately led to Meyer's arrest, indictment, and conviction. Meyer provides Exhibit A in support of this claim, which is a letter Meyer's attorney sent to Meyer on June 21, 2004. Meyer alleges the following portion of the letter shows the conflict of interest:

> Please also be advised that in my opinion your case will be prosecuted on the federal level. I have heard proffering from a cooperating government witness that I represent that has implicated you and others directly in a drug manufacturing conspiracy.

Docket no. 22-2. Meyer claims that, because it was unknown exactly what information regarding Meyer was disclosed, counsel may have been privy to information about Ludwig that would have prevented counsel from adequately representing Meyer—due to the privilege that existed between counsel and Ludwig. Meyer also claims that he was not able to zealously advocate for both of his clients, because doing so would have required him to encourage Ludwig to assist the government, which would have been against Meyer's interest and would not be zealously advocating for Meyer's interests.

The respondent argues that there is no actual conflict of interest. In fact, the respondent claims that Ludwig did not testify in Meyer's case and that no information obtained from Ludwig was used to charge or convict Meyer. The letter does not establish that there was an actual conflict either, according to the respondent, because it does not

9

state that counsel heard Ludwig proffer and it does not state that the information from the proffer was being used against Meyer.

Meyer, in his supplemental correspondence, disputes the respondent's assertion in its statement of facts from its November 26, 2007, brief, that Meyer's counsel was appointed on February 28, 2005. Instead, Meyer alleges that counsel was appointed to represent him on May 26, 2004, for the state charges.

In this case, Meyer pled guilty to both counts contained in the indictment. The Eighth Circuit Court of Appeals has explained the following concerning a claim for ineffective assistance of counsel for a conflict of interest, raised in a § 2255 motion, when the petitioner entered a guilty plea:

> Generally, a defendant claiming a violation of the sixth amendment must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is not required, however, if the defendant can show that his or her attorney had an actual conflict of interest. *See Cuyler v. Sullivan*, 446 U.S. 335, 349-50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Rather, the appropriate question is whether a conflict of interest "adversely affect[ed]" the adequacy of a defendant's representation, *Caban v. United States*, 281 F.3d 778, 786 (8th Cir.2002), or whether the "conflict adversely affected the voluntary nature of the guilty plea entered," *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir.1987), cert. denied, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

*Berry v. United States*, 293 F.3d 501, 503 (8th Cir. 2002). In other words, "[t]he defendant must show that this successive representation had some actual and demonstrable adverse effect on the case, not merely an abstract or theoretical one." *United States v.*

*Flynn*, 87 F.3d 996, 1001 (8th Cir. 1996) (citing *Simmons v. Lockhart*, 915 F.2d 372, 378 (8th Cir. 1990)).

Meyer has provided no evidence that the alleged conflict of interest had actual or demonstrable adverse effects on his case. *See Flynn*, 87 F.3d at 1001. Instead, the only manner in which the alleged successive representation impacted his case was that it allowed his attorney to notify Meyer of the informant's testimony. Although Meyer claims that counsel may have been privy to information about Ludwig[5] that would have prevented him from adequately representing Meyer, the early notification Meyer received concerning his being implicated in a crime was the only information Meyer identified. Meyer fails to explain how this notification was harmful—if anything, the information obtained from the simultaneous representation was helpful.

Meyer has also failed to state how the alleged "conflict adversely affected the voluntary nature of the guilty plea entered." *See Berry*, 293 F.3d at 503 (citations omitted). Although Meyer, in his brief, repeatedly claims that counsel's decision to withdraw due to a conflict would have had a reasonable probability of changing the outcome of the case, Meyer's only allegation concerning how the outcome would have been different relates to counsel's hypothetical decision to urge Ludwig to assist in Meyer's prosecution. *See* docket no. 22-2 ("A lawyer who is seeking the best outcome for Ms. Ludwig might have urged her to assist the government in prosecuting the

---

[5] The court notes that Meyer's Exhibit A does not even contain a reference to Ludwig. Rather, counsel only states that he "heard proffering from a cooperating government witness that [he] represent[s] that has implicated [Meyer] and others directly in a drug manufacturing conspiracy." Docket no. 22-3. For this motion, the court will assume that Ludwig is the government informant mentioned in the letter.

Petitioner."). This claim does not establish that the conflict of interest impacted counsel's ability to represent Meyer.

Meyer has not provided evidence of an actual conflict of interest, any reason why a conflict of interest may have affected his guilty plea, or any actual or demonstrable adverse effect that resulted from his counsel's representation. In fact, Meyer has hardly provided the court with an abstract or theoretical adverse effect from his counsel's representation in this case, which, even if shown, would not have sufficed. *See Flynn*, 87 F.3d at 1001 ("The defendant must show that this successive representation had some actual and demonstrable adverse effect on the case, not merely an abstract or theoretical one."). Therefore, the court will not grant Meyer's motion on the ground that his counsel had a conflict of interest.

## IV. CERTIFICATE OF APPEALABILITY

Denial of Meyer's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from: (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525

U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Meyer has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Meyer's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Meyer does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## V. CONCLUSION

THEREFORE, petitioner Daniel Meyer's Pro Se Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody (docket no. 1); Amended Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody (docket no. 15); and Amended Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody (docket no. 22) **are denied in their entirety**. An evidentiary hearing will not be held in this case. This case is **dismissed in its entirety**, and the court will issue no certificate of appealability for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2009.

                                                        MARK W. BENNETT
                                                       U. S. DISTRICT COURT JUDGE
                                                       NORTHERN DISTRICT OF IOWA